HUDOCK, Judge,
dissenting.
Respectfully I dissent. I would restrict the Commonwealth’s right of restitution to those monies improperly obtained within the four year period of the Statute of Limitations.
In the present case, defendant’s fraud was continuous over a six year period, and the majority’s holding requiring him to pay restitution for those periods beyond the Statute of Limitations does not seem shockingly unfair. However, the same rationale would render a person who committed fraud at any time during his life, but who was never prosecuted or convicted of that offense, subject to the payment of court ordered restitution for the earlier offense if he is later convicted of another such offense — even though half a lifetime may have intervened. It seems anomalous that a person who cannot be prosecuted because of the bar of the Statute of Limitations, and who therefore cannot be made to pay restitution, can be held liable for the court-ordered payment of this restitution because of the commission of a later offense. Such a resuscitation of restitution liability renders the Statute of Limitations meaningless.